IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Randy Brown, N12465,<br>      Petitioner,<br><br>v.<br><br>Randy Pfister,[1]<br>      Respondent. | Case No: 13 C 8435<br><br>Judge Ronald A. Guzmán |

## MEMORANDUM OPINION AND ORDER

Randy Brown brings the instant petition for relief under 28 U.S.C. § 2254. For the reasons stated below, Brown's second amended petition [34] is denied. The Court declines to issue a certificate of appealability. All pending motions are denied as moot. Civil case terminated.

**Procedural Background**

Following an October 2002 jury trial, Brown was convicted of two counts of aggravated criminal sexual assault, aggravated kidnaping, and aggravated robbery. At trial, the jury was presented with evidence that on April 8, 1999, the victim, K.T., took a Metra train downtown to meet her boyfriend. (Resp.'s Ex. C, Post-Conviction Rule 23 Order, *People v. Brown*, 2013 IL App. (1st) 102527-U, ¶ 3.) When K.T. arrived downtown, she asked Petitioner for directions, who pointed her the wrong way. (*Id.* ¶ 4.) Petitioner subsequently came up behind K.T., told her he had a gun, led her to a nearby park, and robbed and sexually assaulted her. (*Id.*) K.T. reported the attack to the police. (*Id.*) In May 1999, after Petitioner was arrested on an unrelated matter, K.T. identified Petitioner in a lineup and a forensic expert determined within a reasonable degree of scientific certainty that DNA taken from K.T. after the attack matched Petitioner's. (*Id.* ¶ 5.) Petitioner was sentenced to 75 years imprisonment.

On direct appeal, Petitioner argued that the trial court erred in admitting irrelevant evidence that he had been arrested on an unrelated matter and that he was prejudiced when the forensic expert inadvertently used the name of a different victim during the trial. (*Id.* ¶ 7.) Petitioner also argued that the trial court erred in sentencing him on both counts of aggravated criminal sexual assault. The Illinois Appellate Court denied the first two grounds for relief but

---

[1] Randy Pfister is the current Warden of Stateville Correctional Center, where Petitioner is currently incarcerated. The Court, therefore, substitutes Pfister as the proper Respondent in this habeas case. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts; Fed. R. Civ. P. 25(d).

vacated one of his criminal sexual assault convictions and remanded for resentencing, finding the aggravated criminal sexual assault was a lesser-included offense of aggravated kidnaping and that Petitioner had been prejudiced because "the offense of aggravated kidnaping without proof that [Petitioner] caused severe bodily injury [would] not trigger consecutive sentences." (*Id*. ¶ 8.) On remand, the trial court reimposed the 75-year sentence, and Petitioner again appealed, arguing only that the mittimus be corrected to reflect additional sentencing credit for time he spent in presentence custody. (*Id*. ¶ 13.) The Illinois Appellate Court corrected the mittimus to reflect an additional credit of two days in presentence custody and affirmed his sentence as modified. (*Id*.)
Petitioner filed a pro se petition for leave to appeal ("PLA") with the Illinois Supreme Court, contesting his lawyer's performance, specifically asserting that his appellate lawyer did not challenge Petitioner's sentence in his direct appeal on resentencing. (Resp.'s Ex. K, Pet. Leave Appeal, *People v. Brown*, No. 105747 (Ill. Dec. 13, 2007). The Illinois Supreme Court denied the PLA on January 30, 2008. (Resp's Ex. L, Order, *People v. Brown*, No. 105747 (Ill. Mar. 6, 2008).

On May 22, 2008, Petitioner filed a pro se petition, later adopted by counsel, pursuant to Illinois' Post-Conviction Act, 725 Ill. Comp. Stat., 5/122-1 *et seq*., contending that: (1) the trial court erred in denying his motion to quash his arrest and suppress evidence; (2) the trial court erred in admitting evidence of other crimes; (3) ineffective assistance of trial and appellate counsel, and (4) the sentence imposed on remand was incorrect. (Resp.'s Ex. C, Post-Conviction Rule 23 Order, *People v. Brown*, 2013 IL App. (1st) 102527-U, ¶ 14.) In August 2010, the trial court dismissed the petition finding that: (1) Petitioner failed to attach the required affidavits and evidence in support; (2) Petitioner waived the suppression and related ineffective assistance of trial counsel issues for having failed to raise them on direct appeal; (3) the challenge to the admissibility of the other crimes evidence was barred by res judicata; and (4) Petitioner failed to demonstrate ineffective assistance of appellate counsel.

Petitioner appealed through counsel, arguing only that his 15-year sentence for aggravated robbery should run concurrent to his other sentences. (Resp.'s Ex. O, Pet'r's Br., *People v. Brown*, No. 1-10-2527, Apr. 2012.) Petitioner's motion to file a supplemental pro se brief was denied. (Resp.'s Ex. T, Order, *People v. Brown*, No. 1-10-2527 (Ill. App. Ct. June 7, 2012)). On appeal, the Illinois Appellate Court modified Petitioner's sentence to an aggregate of 60 years (concurrent terms of 30 years of aggravated kidnaping and 15 years for aggravated robbery to be served consecutive to the 30-year term for aggravated criminal sexual assault), and affirmed dismissal of the post-conviction petition. (Resp.'s Ex. C, Post-Conviction Rule 23 Order, *People v. Brown*, 2013 IL App. (1st) 102527-U, ¶ 3.) The Illinois Supreme Court denied Petitioner's PLA on September 25, 2013. (Resp.'s Ex. V, Order Denying PLA, *People v. Brown*, No. 116346 (Ill. 2013).)

On November 15, 2013, Petitioner sought leave to file a pro se successive petition containing all twelve of the claims currently raised in his § 2254 petition. (Resp.'s Ex. E, *People v. Brown*, 2016 Il App (1st) 1141798-U (Apr. 21, 2016), ¶ 6.) The circuit court denied Petitioner's request, finding that the only new issue presented by Petitioner was his claim of

ineffective assistance of post-conviction counsel, the other 11 issues were barred by waiver and res judicata, and Petitioner had failed to show cause and prejudice. (*Id.*) On appeal, counsel filed a motion for leave to withdraw pursuant to *Pennsylvania v. Finley,* 481 U.S. 551 (1987), asserting that there were no non-frivolous issues to present on appeal. The appellate court granted the motion, and affirmed the judgment of the circuit court denying Petitioner leave to file the successive post-conviction petition. (*Id.* ¶¶ 7-8.) The Illinois Supreme Court denied Petitioner's subsequent PLA. (Resp.'s Ex. EE, Order, *People v. Brown*, No. 120983 (Ill. Sept. 28, 2016).)

Petitioner filed his habeas petition pursuant to 28 U.S.C. § 2254 in November 2013 and moved to stay the proceedings pending disposition of his then-pending motion for leave to file a successive post-conviction petition. (Dkt. # 1.) After initially denying the motion to stay and upon review of additional briefing filed by the parties, the Court granted the motion to stay consideration of the instant § 2254 petition. (Dkt. # 25.) On October 12, 2016, the Court lifted the stay after the Illinois Supreme Court denied Petitioner's PLA regarding the denial of his motion for leave to file a successive post-conviction petition. (Dkt. # 33.)

Petitioner's second amended § 2254 petition (Dkt. # 34) alleges the following claims:

1. Insufficiency of the evidence;

2. Ineffective assistance of trial counsel for failing to object to the admissibility of certain evidence and failing to preserve a Fourth Amendment claim for review;

3. Ineffective assistance of appellate counsel for failing to: (a) raise a claim of ineffective assistance of trial counsel, (b) challenge the admission of certain evidence, and (c) failing to make a Fourth Amendment challenge;

4. Due process violation based on trial court's admission of certain evidence;

5. Due process violation based on prosecutor's improper comments during opening statements and closing arguments;

6. *Brady v. Maryland*, 273 U.S. 83 (1963), violation;

7. Ineffective assistance of trial counsel for failing to object to the prosecution's alleged *Brady* violation and knowing use of perjured testimony, and ineffective assistance of appellate counsel for failing to raise these issues on appeal;

8. Due process violation based on the trial court's re-sentencing after remand;

9. Trial court erred in admitting testimony of the victim;

10. Trial court erred in admitting a computer-generated composite sketch of the

3

victim;

11. Ineffective assistance of trial and appellate counsel for failing to object to the victim testimony and the composite sketch; and

12. Ineffective assistance of post-conviction counsel.

**Standard**

Habeas relief cannot be granted unless the state court's decision was contrary to, or involved an unreasonable application of, federal law as determined by the United States Supreme Court. *See Williams v. Taylor*, 529 U.S. 362, 402–03 (2000); *Warren v. Baenen*, 712 F.3d 1090, 1096 (7th Cir. 2013). Habeas relief "has historically been regarded as an extraordinary remedy, a 'bulwark against convictions that violate fundamental fairness.'" *Brecht v. Abrahamson*, 507 U.S. 619, 633 (1993) (quotation omitted). Habeas petitions are used as a "'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102–103 (2011) (quotation omitted). To obtain relief, "a state petitioner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

**Analysis**

On federal habeas review, a court "will not entertain questions of federal law in a habeas petition when the state procedural ground relied upon in the state court 'is independent of the federal question and adequate to support the judgment.'" *Lee v. Foster*, 750 F.3d 687, 693 (7th Cir. 2014). Here, Petitioner sought to raise all of his habeas claims in a successive post-conviction petition under 725 Ill. Comp. Stat. 5/122. (Resp.'s Ex. Y, Pet'r's Mot. Leave File Second Pet. Post-Conviction Relief, at C:00093.) The Circuit Court of Cook County denied Petitioner's motion for leave to file a successive petition because he failed to demonstrate cause and prejudice to raise the claims, as required by the Illinois Post-Conviction Act. (Resp.'s Ex. Z, Order, *People v. Brown*, 99 CR 12888 (Cir. Ct. Cook Cnty. Apr. 30, 2014) (citing 722 Ill. Comp. Stat. 5/122-1(f) ("Only one petition may be filed by a petitioner under this article without leave of court. Leave of court may be granted only if petitioner demonstrated cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure.").)

The Circuit Court further noted that because the first eleven of the issues he raised were or could have been raised on direct appeal or in his initial petition, they were barred by waiver or res judicata. (*Id.* at 3.) The Illinois Appellate Court affirmed the Circuit Court's judgment denying leave to file the successive petition. (Resp.'s Ex. E, Summary Order, *People v. Brown*, 2016 IL App (1st) 141798-U (Apr. 21, 2016).) The Illinois Supreme Court denied Petitioner's

subsequent PLA. (Resp.'s Ex. EE, Order, *People v. Brown*, No. 120983 (Ill. Sept. 28, 2016).) Thus, because the state court denial of relief on eleven of the ground is based on adequate and independent state grounds, federal review of these claims is barred. The final issue, ineffective assistance of post-conviction counsel, is in any event not cognizable under 28 U.S.C. § 2254(i), which states that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."

Moreover, Petitioner defaulted all of his claims except sufficiency of the evidence by failing to raise them in successive post-conviction petition PLA. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process. . . . [and] discretionary review in Illinois' Supreme Court is a normal, simple, and established part of the State's appellate review process"). Indeed, Petitioner did not present any of his claims through one complete round of state review. Petitioner has thus procedurally defaulted all of his claims, or they are not cognizable on federal habeas review.

"A federal court may excuse a procedural default if the habeas petitioner establishes that . . . there was good cause for the default and consequent prejudice." *Johnson v. Foster*, 786 F.3d 501, 505 (7th Cir. 2015). "Cause is defined as an objective factor, external to the defense, that impeded the defendant's efforts to raise the claim in an earlier proceeding. Prejudice means an error which so infected the entire trial that the resulting conviction violates due process." *Weddington v. Zatecky*, 721 F.3d 456, 465 (7th Cir. 2013) (citation and quotation marks omitted).
A habeas petitioner may also overcome a procedural default by establishing that the court's refusal to consider a defaulted claim on the merits would result in a fundamental miscarriage of justice. *House v. Bell*, 547 U.S. 518, 536 (2006). Under this narrow exception, a petitioner must establish that "a constitutional violation has resulted in the conviction of one who is actually innocent of the crime." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A petitioner who asserts actual innocence "must demonstrate innocence; the burden is his, not the state's . . . ." *Buie v. McAdory*, 341 F.3d 623, 626–27 (7th Cir. 2003) (emphasis in original).

Petitioner contends that his procedural default should be excused due to ineffective assistance of counsel. "[A] claim of attorney ineffectiveness which is defaulted in state court cannot be the basis for cause, unless the petitioner can establish cause and prejudice for the ineffectiveness claim as well." *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010). For the reasons stated above, Petitioner defaulted his claims of ineffective assistance of counsel at the state level, thus they cannot provide a basis for cause here.

Nor has Petitioner demonstrated actual innocence. "To demonstrate innocence so convincingly that no reasonable jury could convict, a prisoner must have documentary, biological (DNA), or other powerful evidence: perhaps some non-relative who placed him out of the city, with credit card slips, photographs, and phone logs to back up the claim." *Hayes v. Battaglia*, 403 F.3d 935, 938 (7th Cir. 2005). Petitioner fails to point to any such evidence, and

5

in fact, an expert testified that Petitioner's DNA matched the post-attack swab taken from the victim.  Petitioner argues only that the prosecution failed to establish guilt beyond a reasonable doubt, which is an insufficient basis on which to excuse procedural default.

      For all of these reasons, the Court denies Petitioner's petition for relief under 28 U.S.C. § 2254.  Under Rule 11(a) of the Rules Governing Section 2254 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Accordingly, the Court must determine whether to grant Petitioner a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).  A habeas petitioner does not have an absolute right to appeal a district court's denial of his habeas petition; instead, he must first request a certificate of appealability.  *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009).  A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right.  *Evans v. Circuit Court of Cook Cnty., Ill.*, 569 F.3d 665, 667 (7th Cir. 2009).  Under this standard, Petitioner must demonstrate that reasonable jurists would find the Court's assessment of his § 2254 claims debatable or wrong.  *Miller-El*, 537 U.S. at 336; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In cases where a district court denies a habeas claim on procedural grounds, the court should issue a certificate of appealability only if the petitioner shows that (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484.  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id*. at 485; *Stamps v. Duncan*, 2014 WL 3748638, at *4 (N.D. Ill. July 30, 2014).  Therefore, the Court declines to issue a certificate of appealability.

**Date**: May 18, 2017

                                            _____
                                            **Ronald A. Guzmán**
                                            **United States District Judge**